Ex parte BARRIAL.

UNITED STATES ex rel. BARRIAL v. CLEMENT.

No. 1291–SD.

United States District Court
S. D. California, S. D.

Oct. 19, 1951.

J. B. Tietz, Los Angeles, Cal., for petitioner.

Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., Betty Marshall Graydon, Asst. U. S. Atty., San Diego, Cal., for respondent.

WEINBERGER, District Judge.

A petition for Writ of Habeas Corpus was filed in this case on September 26, 1951. We issued an order to show cause directed to the respondent; after briefs were filed and a hearing had, no cause was shown by the respondent why the Writ should not issue. We have ordered the Writ issued and the petitioner is today before this Court.

In our order made October 17, 1951, we asked that counsel for respondent file any authorities they might have in answer to a brief filed on that date by petitioner's attorney. No answer to said brief has been made. We are of the opinion that the points of law advanced by petitioner represent the correct authority on the subject.

It appears that the question before us for decision has been, by stipulation, narrowed to this:

Was the resolution valid which the local draft board adopted September 12, 1950, to the effect that registrants who married after July 7, 1950 would not be considered for deferment except in extreme hardship cases?

Whether or not the resolution was valid depends upon whether it conflicted with Selective Service Regulation 1622.15(a) (1) in effect on September 12, 1950, and at the time of petitioner's classification as 1–A. And, if said local Board's resolution conflicted with such Selective Service Regulation, did the Board have authority to make such resolution?

The Regulation 1622.15(a) (1) provides that a registrant who has a wife or child with whom he maintains a bona fide family relationship in their home shall be placed in Class III–A.

It appears that it has been stipulated that there was no controversy between petitioner and the Board as to the fact that petitioner was married on October 2, 1950, and that on April 10, 1951, the date petitioner was classified I–A, he had a wife with whom he maintained a bona fide family relationship in their home.

It also appears to have been conceded by respondent that petitioner followed the various procedures to exhaust his administrative remedies.

We find that the resolution of the local Board made September 12, 1950, was contrary to Selective Service Regulation 1622.-15(a) (1) and that the Board had no authority to make its said resolution, and that the same was invalid and of no legal effect.

We therefore rule that petitioner was inducted into the Marine Corps pursuant to an invalid order of the Board and that he should be released. It is so ordered.

This order is without prejudice to the taking of further or subsequent steps or proceedings by the local Board in accordance with the law.